UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

ROBERT DANIEL TAYLOR,              )
                                   )
              Petitioner,          )
                                   )
       v.                          )        No. 4:17-cv-00115-TWP-DML
                                   )
UNITED STATES OF AMERICA,          )
                                   )
              Respondent.          )

**Order Granting in Part and Denying in Part Motion for Relief
Pursuant to 28 U.S.C. § 2255**

This matter is before the Court on a Motion to Vacate, Set Aside or Correct a Sentence

pursuant to 28 U.S.C. § 2255. For the reasons explained in this Order, the Motion of Robert Daniel

Taylor ("Taylor") for relief is **granted in part and denied in part.** To the extent that Taylor is

permitted to file an appeal related to his sentencing, his Motion is **granted**. In all other respects,

the Motion **denied.** In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal

prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343

(1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon

the ground that the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is

jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a

complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Factual Background

On December 15, 2015, Taylor was charged in an indictment with one count of possession of matter containing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). On June 28, 2016, a Petition to Enter a Plea of Guilty and Plea Agreement with a stipulated factual basis was filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) wherein Taylor agreed to plead guilty to the charge in the indictment. *United States v. Taylor*, No. 4:15-cr-00028-TWP-VTW ("Cr. Dkt."), dkt. 40. As part of the agreement, Taylor further agreed and stated that he understood that although the government would recommend a sentence within the advisory guidelines range, the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and the ultimate sentence would be at the discretion of the Court. *Id.* at ¶ 5. The United States and Taylor also entered into certain Sentencing Guideline stipulations, but agreed that they were only recommendations to the Court. Based on the 2015 version of the Sentencing Guidelines, the following was agreed to:

- The base offense level is 18. U.S.S.G. § 2G2.2(a)(1);

- Two levels are subtracted because there is no evidence of intent to distribute. U.S.S.G. § 2G2.2(b)(1);

- Two levels are added because the material involved prepubescent minors. U.S.S.G. § 2G2.2(b)(2);

- Four levels are added because the material involved sadistic or masochistic conduct. U.S.S.G. § 2G2.2(b)(4);

- Five levels are added because the defendant engaged in a pattern of activity involving sexual abuse of a minor. U.S.S.G. § 2G2.2(b)(5);

- Two levels are added because the material involved the use of a computer. U.S.S.G. § 2G2.2(b)(6);

- Five levels are added because there were more than 600 images. U.S.S.G. § 2G2.2(b)(7)(D).

- Two levels of reduction based on Taylor's acceptance of responsibility. U.S.S.G. § 3E1.1(a); and

- An additional level of reduction to be requested by motion after Taylor entered a plea of guilty. U.S.S.G. § 3E1.1(b).

*Id.* at ¶ 21. Taylor's final offense level in the plea agreement was calculated to be 31. *Id.* Ultimately, in the revised presentence investigation report, the probation officer noted that the two-level reduction from U.S.S.G. § 2G2.2(b)(1) was inapplicable because, in order for that to apply, the defendant's base offense level had to be 22 – Taylor's base offense level was 18. Cr. Dkt. 41 at 3. The Court accepted the calculation in the revised presentence report and determined that Taylor's offense level was 33.

Taylor also expressly waived his right to appeal the conviction imposed in this case on any ground. Cr. Dkt. 40 at ¶ 22. However, he waived his right to appeal the sentence only in the event the Court sentenced him to 120 months or lower, regardless of his criminal history category or how the sentence was calculated by the Court. *Id.*

On September 9, 2016, the Court accepted Taylor's guilty plea and sentenced him to 135 months of imprisonment to be followed by 10 years of supervised release. Cr. Dkt. 44. Judgment was entered on September 19, 2016. *Id.*

On June 28, 2017, Taylor filed a motion for post-conviction relief pursuant to 28 U.S.C. §

2255. On July 2, 2017, the Court ordered the United States to respond to Taylor's 28 U.S.C. §

2255 motion. Taylor did not file a reply, and the time to do so has passed.

### III. Discussion

Taylor seeks relief pursuant to § 2255 arguing that: (1) the United States breached the plea

agreement by ultimately asking for, under the Sentencing Guidelines, a total offense level of 33

and not the agreed-upon 31, rendering the plea agreement invalid; and (2) the Court committed

clear error in applying the five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(5) after

finding that Taylor engaged in a pattern of activity involving sexual abuse of a minor.

Taylor further argues that his counsel provided ineffective assistance for: (1) failing to object to

the sentence enhancement; (2) failing to object to and insist on the government's adherence to the

plea agreement; (3) coercing him to accept the plea agreement; (4) refusing his request for a

hearing on pre-trial release; and (5) failing to file an appeal on his behalf.

The United States argues that Taylor cannot show the United States breached the plea

agreement, that he stipulated to the § 2G2.2(b)(5) enhancement, and that he voluntarily and

knowingly entered his guilty plea agreement. The United States further argues that Taylor cannot

show ineffective of counsel for failing to file an appeal where an appeal waiver was in place.

A.    "Breach" of the Plea Agreement

Taylor argues that the United States breached the terms of his plea agreement by failing to

recommend a sentence based on a total offense level of 31 points, and instead asking for a total

offense level of 33 points, and that this breach renders the agreement invalid.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor,

so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

*Campbell v. Smith*, 770 F.3d 540, 546 (7th Cir. 2014) (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)). Under these circumstances, a prosecutor's breach of a plea agreement can be actionable. *Id.* "However, if the breach is insubstantial, immaterial, technical, or cured, then the defendant is entitled to no relief." *Id.* (citing *United States v. Diaz-Jimenez*, 622 F.3d 692, 694 (7th Cir. 2010); *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006)).

As explained above, the United States and Taylor entered into certain stipulations regarding the Sentencing Guidelines. *See* Cr. Dkt. 40 at ¶ 21. As part of the stipulations, the parties understood and agreed that "these Stipulations are binding on the parties but are *only* a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case." *Id.* However, in making its calculations, the prosecutor improperly included a two-level reduction that was not permitted under the Sentencing Guidelines. Ultimately, in preparing the presentence investigation report, the probation officer correctly arrived at a total offense level of 33 – and not the parties stipulated level 31. Cr. Dkt. 41 at 7-8. Taylor did not object to any portion of the presentence investigation report. *Id.* at 19. Thereafter, the Court determined that the total offense level was 33.

Almost two months later, after Taylor had ample time to consider the presentence investigation report, Taylor appeared at the sentencing hearing before this Court. The Court reviewed the plea agreement with Taylor (Cr. Dkt. 57 at 26:25-28:23) and he was made aware of the error in the calculation – Taylor had no objection at that time:

> THE COURT: … And if the Government makes a motion today, one additional level for your acceptance of responsibility will be awarded, and that will make your final offense level 31. Do you understand the stipulation of the parties?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Okay. Now, there is an error in the stipulation, or you have agreed that there is –

MR. SHEPARD: That's correct.

THE COURT: One should not apply?

MR. SHEPARD: That's correct, Your Honor. The probation --

THE COURT: 21B?

MR. SHEPARD: Correct. Just misread the guideline probation correctly found in their calculation contained in Docket 41, the presentence report, that that reduction should not apply and scored the advisory calculation after the motion by the Government, which it will make at the appropriate time to be a 33, not a 31.

THE COURT: Do you have any objection, Mr. Earhart?

MR. EARHART: I agree with -- I am sorry, Your Honor. I agree with his assessment. Of course, our agreement was that there would be a 31, and I have discussed that with Taylor and he understands why it is a 33. However, we will present evidence to the Court requesting a sentence within the range of a 31.

*Id.* at 27:23-28:23. In fact, on several occasions, Taylor was made aware that the total offense level was 33, not 31, and he failed to raise an objection. *See id.* at 34:8-14; 47:12-16 ("He has waived his appeal in this particular case based on at least a belief at the time that a guideline range would be calculated on the 31, but he also understood the Court didn't have to go within the range to begin with. So that is why there is no objection to that, and he understands that.").

Whether the United States' failure to recommend a total offense level of 33 is a breach of its promise is immaterial because the Court had discretion to determine the applicable Guideline sentencing range and to determine the ultimate sentence, which Taylor was well aware of. *See* Cr. Dkt. 40 at ¶¶ 5, 21; Cr. Dkt. 57 at 11:25-12:6, 12:25-13:5. Even if the United States had honored its promise to recommend a total offense level of 31, the Court had any reason to depart from and correct the parties plain error in interpreting the Sentencing Guidelines. Thus, the two-level deduction pursuant to § 2G2.2(a)(2) would still not have been made available to Taylor. Moreover, the breach was cured. Despite multiple opportunities to do so, Taylor never objected

to the total offense level increase from 31 to 33.  Accordingly, no relief is available to Taylor for

breach of the plea agreement.  *See Campbell*, 770 F.3d at 546.

      B.       "Clear Error" in Applying the § 2G2.2(b)(5) Five-Level Enhancement

Taylor also alleges that the Court committed clear error in applying the five-level

enhancement pursuant to U.S.S.G. § 2G2.2(b)(5)  after finding that Taylor engaged in a pattern of

activity involving sexual abuse of a minor.

However, such a claim is not cognizable in a § 2255 motion.  *See Buggs v. United States*,

153 F.3d 439, 443 (7th Cir. 1998) ("errors in the implementation of the Sentencing Guidelines are

generally not cognizable under collateral attack."); *Scott v. United States*, 997 F2d 340, 341-42

(7th Cir. 1993) ("[a] claim that the judge misapplied the Sentencing Guidelines does not challenge

the jurisdiction of the court or assert that the judge exceeded the statutory maximum.").  "It is well

settled that, absent a fundamental miscarriage of justice, arguments based on the Sentencing

Guidelines must be raised on direct appeal or not at all."  *Id.* at 563 (quoting *Martin v. United

States*, 109 F.3d 1177, 1178 (7th Cir. 1996) (*per curiam*)) (internal quotations removed).

Moreover, Taylor stipulated to the enhancement in his plea agreement (Cr. Dkt. 40 at ¶ 21),

filed no objection to the presentence report (Cr. Dkt. 41 at 19), and raised no objections when he

pleaded guilty and at the sentencing hearing (Cr. Dkt. 57).  Thus, Taylor is not entitled to relief

based on the Court's application of the § 2G2.2(b)(5) five-level enhancement.

      C.      Ineffective Assistance of Counsel

Taylor argues that his counsel provided ineffective assistance for (1) failing to object to the

§ 2G2.2(b)(5) sentence enhancement; (2) failing to object to and insist on the government's

adherence to the plea agreement; (3) coercing him to accept the plea agreement; (4) refusing his

request for a hearing on pre-trial release; and (5) failing to file an appeal on his behalf.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, Taylor must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### 1. Failing to Object to Sentence Enhancement

Taylor asserts that Mr. Earhart, was ineffective for failing to object to the Court's five-level sentence enhancement pursuant to U.S.S.G. § 2G2.2(b)(5).

The Seventh Circuit is "reluctant to allow prisoners to circumvent the rule against raising Sentencing Guideline arguments in collateral proceedings by recasting their Guidelines arguments as claims of ineffective assistance of counsel." *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999). Only "Sentencing Guidelines errors of constitutional proportion" that resulted from an ineffective assistance of counsel may be considered. *Id.* However, "an attorney's unreasonable failure to identify and bring to a court's attention an error in the court's Guidelines calculations that results in a longer sentence may constitute ineffective assistance." *United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011) (citing *Glover v. United States*, 531 U.S. 198 (2001)).

As explained above, there was no error in the Court's application of the five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(5) where Taylor stipulated to the enhancement in

his plea agreement (Cr. Dkt. 40 at ¶ 21), filed no objection to the presentence report (Cr. Dkt. 41 at 19), and raised no objections when he pleaded guilty and at the sentencing hearing (Cr. Dkt. 57). Thus, Taylor is unable to show that his counsel's performance was deficient, under the first prong of *Strickland*, if there is nothing to object to. In addition, he cannot show that he was prejudiced, under the second prong of *Strickland*, when he was personally given multiple opportunities to object during the sentencing hearing and failed to do so. Thus, Mr. Earhart's failure to object to the sentence enhancement is not ineffective assistance of counsel.

> 2. *Failing to Object to and Insist on the Government's Adherence to the Plea Agreement*

Taylor's second ineffective of assistance claim relates to Mr. Earhart's alleged failure to object to and insist on the Government's adherence to the plea agreement to recommend a total offense level of 31.

First, Taylor fails to overcome the presumption that Mr. Earhart's failure to object amounted to sound trial strategy. *Strickland*, 466 U.S. at 689. Furthermore, Taylor has failed to establish that Mr. Earhart's conduct was prejudicial. As explained above, it would have been futile to require the Government to adhere to the plea agreement and recommend a total offense level of 31 because the Court had discretion to determine the applicable Guideline sentencing range and to determine the ultimate sentence, which Taylor was well aware of. *See* Cr. Dkt. 40 at ¶¶ 5, 21; Cr. Dkt. 57 at 11:25-12:6, 12:25-13:5. The Court would not have had any reason to depart from and correct a plain error in interpreting the Sentencing Guidelines, and thus, the two-level deduction pursuant to § 2G2.2(a)(2) would still not have been made available to Taylor. Mr. Earhart's failure to object here is also not ineffective assistance of counsel.

### 3. Coercive Plea Agreement

Taylor alleges that he was coerced into accepting the plea agreement because his attorney told him that if he did not plead guilty, the government could charge him with a harsher crime with a minimum sentence of 15 years. The Court notes that, but for the three-level reduction in his total offense level based on his acceptance of responsibility, his sentencing guideline range would have been 188 months (or ~15.7 years) to 235 months.

Moreover, his contention that he was coerced into accepting a plea agreement "is belied by his own statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008).

During the sentencing hearing, Taylor was placed under oath and was informed that if he answered any questions falsely, those answers may later be used against him in another prosecution for either perjury or making a false statement. Cr. Dkt. 57 at 4-5. He stated that he understood. *Id.* at 5:3. The Court reviewed the charge and the penalties Taylor faced. Again, Taylor responded that he understood. *Id.* at 5:21-7:19. The Court then inquired as to whether Taylor was satisfied with his representation and was pleading guilty of his free will, free from threats, coercion or any promises or assurances other than what was contained in the plea agreement:

> THE COURT: Taylor, have you talked with Mr. Earhart about the Government's evidence against you in this case?
>
> THE DEFENDANT: Yes, Your Honor.

THE COURT: And have you talked with your lawyer about ways in which you might defend yourself when you were making the decision whether you would go to trial, exercise your right to a trial by jury, or enter into a guilty plea?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you fully satisfied with the counsel, representation, and advice given to you by your attorney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Sir, you have reached a plea agreement with the Government, and I have a copy of that agreement in front of me. And I am sure Mr. Earhart has one at the lectern, and back on June 20th of this year you signed the plea agreement. Did you have an opportunity to read and discuss the plea agreement with your lawyer before you signed it?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you feel that you understand the terms of your plea agreement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Has anyone made any threats or used any force to get you to plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Has anyone made any promises or assurances other than what is contained in this plea agreement to persuade you to plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you pleading guilty of your own free will and because you are, in fact, guilty?

THE DEFENDANT: Yes, Your Honor.

Cr. Dkt. 57 at 7:23-9:5. The Court also reviewed the plea agreement including the charge, penalties, stipulated factual basis, stipulated guidelines range, waivers and all agreements made by the parties. *Id.* at 11-31. Having done so, the Court found that:

Mr. Taylor is fully competent and capable of entering a plea of guilty, that the Defendant is aware of the nature and the charges and the consequences of the plea, that the plea of guilty is made knowingly and voluntarily, and it is supported by an independent basis in fact that contains each of the essential elements of the offense. The plea is, therefore, accepted, and the Defendant is now adjudged guilty of the possession of child pornography.

Cr. Dkt. at 32:1-8.

Taylor fails to provide a compelling reason why the statements he made to the Court are now false. Despite several opportunities to do so during the sentencing hearing, Taylor never objected to the plea agreement, never informed the Court he was dissatisfied with his attorney, or asserted that he was being coerced. Rather, he stated that he was pleading guilty of his own free will, having understood his charge and the potential sentencing, and that he was fully satisfied with his attorney's assistance. His statements to the Court are given a "strong presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.*

Without more, Taylor cannot now allege that his statements in court were lies. Accordingly, Taylor's allegation that his attorney coerced him into taking the plea agreement must also be rejected.

### 4. Refusal to Request a Hearing

Taylor alleges that Mr. Earhart was ineffective for failing to request a hearing for pre-trial release. Instead, he states that Mr. Earhart told him that if Taylor asked for a hearing on pre-trial release, he could face charges for a harsher crime.

With respect to trial strategy, an attorney's trial strategy is "virtually unchallengeable" after counsel has conducted a thorough investigation of his client's case. *Sullivan v. Fairman*, 819 F.3d 1382, 1391 (7th Cir. 1987) (quoting *Strickland v. Washington*, 466 U.S. at 690-91). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

Taylor fails to overcome the presumption that Taylor's decision to forego a hearing on pre-trial release was "sound trial strategy." *See Strickland*, 466 U.S. at 689. Indeed, based on Taylor's early acceptance of responsibility, his total offense level was reduced by not just two levels under U.S.S.G. § 3E1.1(a), but also an additional level under U.S.S.G. § 3E1.1(b) by "timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b). Thus, Mr. Earhart's decision to forego a hearing on pre-trial release was likely a strategic trial decision motivated to obtain a better sentence for his client by expediting his client's plea agreement.

Taylor also fails to identify any prejudice from Mr. Earhart's decision or how the results of the proceeding would have been different but for Mr. Earhart's request for a hearing. Thus, under *Strickland*, Mr. Earhart's failure to request a hearing for pre-trial release is not ineffective assistance of counsel.

### 5. *Failing to File an Appeal*

Taylor also alleges that Mr. Earhart failed to file an appeal on his behalf, despite two letters from Taylor requesting that he do so. The Government has not rebutted Taylor's assertion that

he requested that Mr. Earhart file an appeal, and Mr. Earhart has declined to provide an affidavit in this case. *See* dkt. 13 at 19 n.2.

Generally, if a defendant specifically requests that his counsel file a notice of appeal on his behalf, it is *per se* ineffective assistance of counsel for him to fail to do so. *See Dowell v. United States*, 694 F.3d 898, 901 (7th Cir. 2012); *Ryan v. United States*, 657 F.3d 604, 606 (7th Cir. 2011). The remedy for failure to appeal caused by ineffective assistance of counsel is a new opportunity to appeal. *Peguero v. United States*, 526 U.S. 23, 28-29 (1999). However, the general rule does not apply when an attorney declines to file a notice of appeal in the face of an appeal waiver. *Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008). In fact, "[w]ith a waiver in force, counsel's duty to protect his client's interests militates against filing an appeal." *Id.* That is because Seventh Circuit precedent allows a prosecutor to withdraw concessions made as part of a bargain when a defendant appeals in the face of a waiver. *Id.* (citing *United States v. Whitlow*, 287 F.3d 638 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859 (7th Cir. 2001)). Thus, in this scenario, "a lawyer should do what's best for his client, which usually means preserving the benefit of the plea bargain. That this approach also honors the lawyer's duty to avoid frivolous litigation is an extra benefit." *Id.*

While Taylor waived his right to appeal his conviction (*see* Cr. Dkt. 40 at ¶ 22; Cr. Dkt. 57 at 29:1-8), he agreed to waive his right to appeal his sentence only if he was sentenced to 120 months or lower (*see* Cr. Dkt. 40 at ¶ 22; Cr. Dkt. 57 at 29:9-21). Taylor was sentenced to 135 months imprisonment. Thus, he did not waive his right to appeal his sentence, and the general rule for failure to appeal applies. Because Mr. Earhart was ineffective for failing to file an appeal on Taylor's behalf, Taylor must be afford a new opportunity to appeal his sentence. *See Peguero*, 526 U.S. at 28-29.

## IV. Conclusion

For the reasons explained in this Order, Taylor's Motion for relief pursuant to 28 U.S.C. § 2255 is **denied** in all respects except for this claim that his counsel failed to timely appeal despite Taylor's request to do so. His Motion is **granted** in that Taylor may appeal the sentence that was imposed by the Court in Case No. 4:15-cr-00029-TWP-VTW-1. Accordingly, the Court **VACATES** the criminal judgment in this case, and **re-enters an identical judgment** in Case No. 4:15-cr-00029-TWP-VTW-1, so as to permit Taylor an opportunity to file a timely appeal.

Pursuant to Fed. R. of Crim. Proc. 32(j)(2), once the identical judgment is entered, the **Clerk is directed to file a Notice of Appeal** on Taylor's behalf. If Taylor requests counsel for his appeal, that request should be made to the court of appeals.

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Taylor has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:   3/9/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT DANIEL TAYLOR
13600-028
ASHLAND - FCI
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov